In the Matter of RICHARD L. BALTIMORE, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie*, for the petitioner.

*Paul E. Tuthill* of counsel [*Robert L. Luce*, attorney], for the respondent.

FINCH, P. J.   The respondent was admitted to practice as an attorney and counselor at law of the State of New York at a term of the Appellate Division, First Department, on June 10, 1918. The petition charges that he has been guilty of professional misconduct, as follows: That the respondent, with knowledge that one Mercer B. Brown was a resident of the city of New York and that he had no intention of changing his residence, advised Brown that he could obtain a divorce for him in the State of Virginia; that thereafter the respondent induced Brown to accompany him to South Washington, Va., where he arranged with one Walker, the owner of premises there known as 80 Roosevelt avenue, that

Brown be permitted to claim said premises as his residence for the purpose of a divorce action to be brought in the Circuit Court of Arlington county, Va.; that in April, 1927, the respondent induced Brown to give him the sum of thirty-five dollars to be used for the payment of filing fees and the cost of advertising in connection with the proposed divorce action; that the respondent did not use any part of the said sum of thirty-five dollars for the purposes stated and converted the same to his own use; that the respondent did not commence any action in behalf of Brown and did not obtain a divorce for him as agreed; that at the time respondent stated and represented to Brown that he would obtain a divorce for him in Virginia, and at the time he induced Brown to give him the sum of thirty-five dollars, as above stated, the respondent knew that the laws of the State of Virginia provided that no person except a *bona fide* resident of that State could obtain a divorce therein, and that at the time the respondent agreed to obtain a divorce for Brown and at the time he accompanied Brown to South Washington, Va., and arranged for the designation of 80 Roosevelt avenue as Brown's residence, the respondent intended to use said premises as the alleged residence of Brown for the purposes of a divorce action, well knowing that Brown was not and never had been a resident of that State.

The respondent answered, creating issues so that the matter was referred to an official referee to take testimony in regard to the charges and to report to this court. The referee has died subsequent to the completion of testimony, but before making his report. The parties have stipulated that this court, upon the record as submitted, may take such action as it may deem just and proper.

In so far as the petition contains a charge of conversion, this is not sustained by the record. The complainant at all times continued desirous of obtaining a divorce. During this period he made no demand upon the respondent for the return of the thirty-five dollars paid him as aforesaid for the purpose of taking care of the necessary expenses incidental to the institution of an action for divorce. The first knowledge of the respondent of a grievance upon the part of the complainant was when the matter was brought to his attention by the Bar Association. He thereupon paid that amount to the complainant, notwithstanding that the larger part thereof had actually been disbursed by the respondent in an attempt to commence the action. The respondent was making no charge for his services. These were rendered as an act of friendship for the complainant. Under the circumstances here present, in the absence of a demand for the return of the thirty-five dollars, there could have been no conversion.

In so far as the respondent is charged with professional misconduct in respect to the contemplated divorce action in Virginia, the record does not sustain this charge. In the first place, the action never was instituted. It was not instituted because the respondent found that there had been a change in the policy of the courts of Virginia following a ruling of the court that plaintiffs in all divorce actions must have had an actual physical residence in the State of Virginia for the last six months of the year's requirement before the case could be filed and the petition heard. Theretofore divorces had been obtained upon constructive residence. The record does not show that the respondent had any knowledge of the ruling requiring continued physical presence in the new residence when he advised the complainant to establish a constructive residence in Virginia. Upon the contrary, it appears that upon learning of said ruling, the respondent advised the complainant Brown thereof and told him that in order to institute the action it would be necessary for him to remain in Virginia for six months. Upon Brown stating that he could not do this, the respondent suggested that the matter be allowed to rest for the time being, in the hope that the aforesaid ruling would be temporary only.

The record does not sustain the charge of misconduct or show that the respondent did other than advise Brown that he could succeed in procuring a divorce in the courts of Virginia after obtaining a constructive domicile there.

The proceeding should, therefore, be dismissed.

MCAVOY, MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Proceeding dismissed.